UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR SEARCY,

    Defendant.
_____/



FILED by _____ D.C.

JAN - 4 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR ASSIGNMENT OF COUNSEL [D.E. #152],
MOTION FOR WRIT OF ERROR AND AUDITA QUARELA [D.E. #153], AND
MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM [D.E. #154]

    **THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions and the government's response, and this Court otherwise having been advised in the premises, makes the following recommendation to the District Court:

    1.   The Defendant entered his plea of guilty pursuant to a plea agreement in this case. He was thereafter sentenced by the District Court on or about December 4, 2003. Subsequently the Defendant filed a Notice of Appeal with the Eleventh Circuit Court of Appeals.

    2.   The Defendant's appeal was denied and the conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals in a published opinion at 418 F.3d 1193 (11th Cir. 2005). As that ruling sets forth, the Defendant's direct appeal challenged his conviction and sentence and questioned whether the District Court had properly concluded that the crime for which the Defendant was convicted was a crime of violence for purposes

of classifying. This was the sole issue on direct appeal. The District Court's finding was affirmed by the Eleventh Circuit Court of Appeals in its opinion rendered in that matter.

3. Thereafter the Defendant has filed several motions relating to his underlying conviction. However, the only one which appears to be germane to these proceedings is the pro se motion to vacate his sentence filed pursuant to Title 28, United States Code, Section 2255, in Case No. 05-14334-CIV-MOORE. In his §2255 habeas petition, the Defendant Searcy raised three issues. Those issues asserted that his trial counsel was ineffective for misrepresenting the maximum exposure the Defendant was facing under the guidelines at sentencing, for failing to submit a motion to dismiss the indictment, and for failing to raise a constitutional challenge to the indictment on grounds that his conduct was protected by free speech. His second ground related to his sentence allegedly being unlawful because the government may not impose a penalty upon those who exercise a right guaranteed by the Constitution. Finally, his third ground attacks the constitutionality of the underlying statute as being overbroad and infringes upon third party liberty interests.

4. The habeas petition filed pursuant to §2255 was denied by entry of an Order by the District Court on or about June 26, 2006. This Court notes that within that civil proceeding collaterally attacking the Defendant's judgment, he requested appointment of counsel and that request was denied on or about January 5, 2006.

5. The Defendant appealed the denial of his habeas petition filed pursuant to §2255 to the Eleventh Circuit Court of Appeals. As stated by the Eleventh Circuit Court of Appeals in its decision issued on or about January 10, 2007, the Defendant has not submitted sufficient evidence to justify issuance of a certificate of appealability since certain portions of his §2255 petition had been procedurally defaulted. Further, the opinion

2

of the Eleventh Circuit in its Order of January 10, 2007 references that the Defendant had failed to make a substantial showing of the denial of a constitutional right in regards to his remaining claims. Therefore the certificate of appealability, which is a jurisdictional requirement, was denied. Within that order, the Eleventh Circuit also denied as moot the Defendant's request for appointment of counsel.

6. The Defendant then filed a request for reconsideration by the Eleventh Circuit Court of Appeals concerning its January 10, 2007 Order. On or about February 6, 2007, the Eleventh Circuit Court of Appeals issued its ruling concerning that request for reconsideration. The Eleventh Circuit in its order once again denied the Defendant's request for a certificate of appealability based upon his failure to make the requisite showing under the case law cited by the Eleventh Circuit in its Order of January 10, 2007.

7. The Defendant has now filed the motions referenced above alleging that the District Court lacked jurisdiction over his criminal case, did not have "in personum" jurisdiction over him, and therefore any judgment rendered by the District Court in his criminal case was void. This Court has reviewed the motion and the Defendant is clearly attempting to make another collateral attack upon his underlying judgment and sentence imposed in his criminal case. As such, this Court considers the pending Motion For Writ Of Error And Audita Quarela [D.E. #153] to be a successive §2255 motion.

8. The Eleventh Circuit Court of Appeals has addressed this very issue in United States v. Davis, 2009 WL 3465917 (11th Cir. 2009). In considering a pro se motion for writ of audita quarela, the Court stated that when a petitioner has already filed a §2255 motion which was denied, the defendant, as petitioner, can only seek post conviction relief by leave to file a successive petition. Even if this Court considered such a pro se motion to

be a successive §2255 petition as the Eleventh Circuit liberally construes such pleadings, there is no evidence in the record that the Defendant has obtained a certificate of appealability from the Eleventh Circuit Court of Appeals as required under the applicable case law and statutory structure. Morales v. Florida Dept. of Corrections, 2009 WL 3089106 (11th Cir. 2009) and Castillo-Rangel v. United States, 2009 WL 3663411 (S.D. Fla. 2009). In fact, as the record indicates, the Defendant's request for certificate of appealability in respect to denial of his original §2255 petition has been denied initially by the Eleventh Circuit Court of Appeals and upon the Defendant's request for reconsideration. Without any certificate of appealability being granted by the Eleventh Circuit Court of Appeals, this Court is without jurisdiction to act. See Williams v. Chatman, 510 F.3d 1290 (11th Cir. 2007).

9. In summary, the issues the Defendant raises in his Motion For Writ Of Error And Audita Quarela relate to his challenge to the personal jurisdiction of the Court. The Defendant does not allege in his motion that he has only recently come into possession of evidence or facts which give rise to this jurisdictional challenge. These same facts and claims made by the Defendant in his motion were in existence and available to the Defendant to be included within his challenge to the judgment and sentence of this Court within his direct appeal, and also subsequently in his initial §2255 petition. The Defendant did not raise these issues directly within either one of those challenges to his underlying conviction and sentence. The Defendant cannot use these motions presently pending before the Court for writ of error and for writ of audita quarela to avoid or circumvent the requirements imposed upon any individual who is actually filing a second successive petition for writ of habeas corpus pursuant to §2255.

10. There are three basic requirements for such successive petitions. First, any claim that has already been adjudicated on a previous petition must be dismissed. Secondly, any new claim that was not already adjudicated must be dismissed unless it relies on new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. The Defendant does not raise any such issues within his motion before this Court. Further as referenced above, the issues raised by the Defendant are jurisdictional and existed from the time that the Defendant was indicted in this case. He does not allege any new rule of constitutional law or new evidence which would justify him being permitted a second successive §2255 petition. Thirdly, before a District Court can accept such a successive habeas petition under a second §2255, the Eleventh Circuit Court of Appeals must determine that the successive petition presents a claim not previously raised that is sufficient to meet the new rule or actual innocence provisions. See Williams v. Chatman, 510 F.3d 1290 (11th Cir. 2007). The Defendant has not done so as this Court has indicated otherwise herein.

11. The Defendant also seeks appointment of counsel. A collateral attack on the Defendant's judgment and sentence is not an ancillary matter which would entitle the Defendant to appointment of counsel under the Criminal Justice Act. Accordingly, there is no Fifth or Sixth Amendment right to appointment of counsel. United States v. Mitchell, 330 Fed. Appx. 811 (11th Cir. 2009) and United States v. Webb, 565 F.3d 789 (11th Cir. 2009).

12. Based upon the foregoing, the Defendant has not established entitlement to a certificate of appealability from the Eleventh Circuit Court of Appeals, nor has such certificate been issued. Therefore, this Court is without jurisdiction to consider the matters

10. There are three basic requirements for such successive petitions. First, any claim that has already been adjudicated on a previous petition must be dismissed. Secondly, any new claim that was not already adjudicated must be dismissed unless it relies on new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. The Defendant does not raise any such issues within his motion before this Court. Further as referenced above, the issues raised by the Defendant are jurisdictional and existed from the time that the Defendant was indicted in this case. He does not allege any new rule of constitutional law or new evidence which would justify him being permitted a second successive §2255 petition. Thirdly, before a District Court can accept such a successive habeas petition under a second §2255, the Eleventh Circuit Court of Appeals must determine that the successive petition presents a claim not previously raised that is sufficient to meet the new rule or actual innocence provisions. See Williams v. Chatman, 510 F.3d 1290 (11th Cir. 2007). The Defendant has not done so as this Court has indicated otherwise herein.

11. The Defendant also seeks appointment of counsel. A collateral attack on the Defendant's judgment and sentence is not an ancillary matter which would entitle the Defendant to appointment of counsel under the Criminal Justice Act. Accordingly, there is no Fifth or Sixth Amendment right to appointment of counsel. United States v. Mitchell, 330 Fed. Appx. 811 (11th Cir. 2009) and United States v. Webb, 565 F.3d 789 (11th Cir. 2009).

12. Based upon the foregoing, the Defendant has not established entitlement to a certificate of appealability from the Eleventh Circuit Court of Appeals, nor has such certificate been issued. Therefore, this Court is without jurisdiction to consider the matters

contained within the Defendant's motion. Further, the Defendant is not entitled to Court appointed counsel as referenced above. His Motion For Writ Of Habeas Corpus Ad Testificandum is also due to be denied based upon the fact that there are no underlying issues before this Court which would require his testimony.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For Writ Of Error And Audita Quarela [D.E. #153] be **DENIED**, that his Motion For Assignment Of Counsel [D.E. #152] be **DENIED**, and his Motion For Writ Of Habeas Corpus Ad Testificandum [D.E. #154] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 4th day of January, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Corey Steinberg

Edgar Searcy
Reg. No. 04726-031
FCC Coleman Medium
P.O. Box 1032
Coleman, FL 33521