UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR SEARCY,

    Defendant.
_____/

FILED by _____ D.C.
FEB - 1 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON
MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL [D.E. #161]**

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion and the District Court's Order of Reference, this Court makes the following findings:

    1.    The Defendant has filed a Notice of Appeal [D.E. #160] which appealed Judge Moore's denial of his Motion For Writ Of Error And Audita Quarela [D.E. #153]. This Court issued its Report and Recommendation on January 4, 2010 regarding that motion as well as the Defendant's Motion For Assignment Of Counsel [D.E. #152] in respect to that Motion For Writ Of Error and Motion For Writ Of Habeas Corpus Ad Testificandum [D.E. #154].

    2.    As this Court's Report and Recommendation more particularly sets forth, the Defendant's Motion For Writ Of Error is an attempt to file a successive petition for habeas corpus without obtaining the necessary certificate of appealability from the Eleventh Circuit Court of Appeals. On or about January 10, 2007, the Eleventh Circuit Court of Appeals refused to issue a certificate of appealability in respect to the Defendant's original Motion

For Writ of Habeas Corpus which had been denied by the District Court. At that same time, the Eleventh Circuit Court of Appeals denied as moot the Defendant's request for counsel. The Eleventh Circuit also denied the Defendant's request for reconsideration of that ruling.

3. The Defendant then filed his Motion For Writ Of Error as referenced in this Court's Report and Recommendation of January 4, 2010. As this Court set forth in its Report and Recommendation, the Motion For Writ Of Error was viewed as an attempt to collaterally attack the underlying judgment and sentence and the jurisdiction of the Court. Clearly it was a successive habeas corpus motion/petition and the Defendant had not obtained the necessary certificate of appealability from the Eleventh Circuit Court of Appeals to give this Court jurisdiction to proceed. Williams v. Chatman, 510 F.3d 1290 (11th Cir. 2007).

4. Judge Moore adopted this Court's Report and Recommendation in respect to the Defendant's Motion For Writ Of Error [D.E. #153], Motion For Assignment Of Counsel [D.E. #152] and Motion For Writ Of Habeas Corpus Ad Testificandum [D.E. #154]. As referenced above, the Defendant then filed his Notice of Appeal with the Eleventh Circuit Court of Appeals in respect to Judge Moore's denial of the Defendant's requested relief.

5. As with his previous Motion For Writ Of Error, the Defendant has not shown that he has applied for nor been granted a certificate of appealability by the Eleventh Circuit Court of Appeals. The law has not changed in that regard since this Court considers the underlying matter of which the Defendant seeks appellate review to be a successive habeas corpus petition. Morales v. Florida Dept. of Corrections, 2009 WL 3089106 (11th Cir. 2009). As stated previously and as more particularly set forth in this

Court's Report and Recommendation of January 4, 2010, this Court lacks jurisdiction until such time as the Eleventh Circuit Court of Appeals grants a request for a certificate of appealability. There is no such authorization in the record before this Court.

6. Additionally, the Defendant is not entitled to appointment of counsel as previously stated in this Court's Report and Recommendation. <u>United States v. Mitchell</u>, 300 Fed. Appx. 811 (11th Cir. 2009). Defendant's appeal which he has now filed in respect to Judge Moore's Order denying his Motion For Writ Of Error, is simply a collateral attack on the underlying judgment and sentence, and as such, is not an ancillary matter which would entitle the Defendant to appointment of counsel as previously stated by this Court. <u>United States v. Webb</u>, 565 F.3d 789 (11th Cir. 2009).

7. Based upon all of the foregoing, this Court is without jurisdiction to even consider appointment of counsel until such time as the Eleventh Circuit Court of Appeals issues a certificate of appealability concerning this matter which the Defendant now seeks to be reviewed on appeal. Even if the Eleventh Circuit Court of Appeals did grant a certificate of appealability, this Court finds that the Defendant's Motion For Writ Of Error, the denial of which he now appeals, is a collateral attack on the underlying judgment and sentence for which the Defendant is not entitled to court appointed counsel.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For Appointment Of Counsel On Appeal [D.E. #161] be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _1st_ day of February, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Corey Steinberg

Edgar Searcy
Reg. No. 04726-031
FCC - Medium
P.O. Box 1032
Coleman, FL 33521