UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR SEARCY,

    Defendant.
_____/



FILED by ___ D.C.

FEB 1 6 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

**REPORT AND RECOMMENDATION ON DEFENDANT'S
RENEWED APPLICATION FOR ASSIGNMENT OF COUNSEL AND
MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICUNDUM [D.E. #189],
MOTION TO RESUBMIT D.E. 153 FOR ADJUDICATION AS A WRIT OF
ERROR CORUM NOBIS IN ACCORDANCE WITH THE 11TH CIRCUIT
ORDER OF APPROVAL [D.E. #191], AND AMENDED D.E. 153 MOTION FOR
WRIT OF ERROR CORAM NOBIS OR WRIT OF AUDITA QUARELA [D.E. #190]**

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions as well as the government's response and noting for the District Court that this Court has ruled on these matters previously and that the Defendant raises no new claims, evidence, or arguments which have not previously been considered by this Court, this Court recommends to the District Court that the matters be denied for the following reasons:

    1.    The first motion is a renewed application for assignment of counsel and for writ of habeas corpus ad testificandum. This Court has previously recommended a denial of those two motions by way of Reports and Recommendations. The District Court has adopted this Court's Reports and Recommendations and denied these motions. This Court also points out to the District Court that the Defendant's appeals which were before

the United States Court of Appeals for the Eleventh Circuit in Case Nos. 10-13046-F and 10-10503-F have been dismissed and the appeals closed.

2.   In an Order dated August 11, 2010 in Eleventh Circuit Case No. 10-13046-F, the Eleventh Circuit Court of Appeals dismissed the Defendant's appeal for want of prosecution and because the Defendant failed to pay the docketing fee within the time fixed by the Rules of that Court.

3.   In Eleventh Circuit Case No. 10-10503-F, the Eleventh Circuit Court of Appeals on October 1, 2010 denied the Defendant's request to proceed in forma pauperis concerning his appeal of his denial of petition for writ of audita querala by this Court. The Order of the Eleventh Circuit Court of Appeals states that the appeal was "denied because the appeal is frivolous." In that same case number, the Eleventh Circuit Court of Appeals entered an Order on October 25, 2010 dismissing the Defendant's appeal for want of prosecution for failing to pay the docketing fees just as he did in Case No. 10-13046-F.

4.   The Defendant has had direct appeals in this matter. He has also appealed the District Court's rulings on the very same motions to the Eleventh Circuit Court of Appeals. All pending appeals have been dismissed.

5.   In this particular matter, the Defendant once again raises the same issues which he has before concerning the jurisdiction of the Court and his belief that a writ of coram nobis and/or writ of audita quarela is an avenue he can pursue at this stage of the proceedings as an alternative to avoid the ban on collateral attack of his judgment and sentence in this case. Clearly, this is not permitted. This Court will not once again reiterate its findings which it has made on several occasions previously in Reports and Recommendations on these very same issues filed by the Defendant in this same case.

It is sufficient to cite the applicable case law once again for the Defendant. A writ of audita quarela may not be granted where relief sought by the defendant/petitioner is available under a § 2255 proceeding. United States v. Davis, 352 Fed. Appx. 314 (11th Cir. 2009) and United States v. Still, 2010 WL 3033678 (M.D. Fla. 2010). As the Still court referenced in its opinion, when there is no constitutional, statutory or legal error in the application of the District Court's sentencing of the defendant, the defendant's attempt to attack the underlying proceeding through a writ of audita quarela is to be denied on the merits. Just as the record is in this case, the District Court was well within its permissible jurisdiction to adjudicate the Defendant guilty pursuant to his guilty plea in this case and sentence him in accordance with the applicable laws and applicable statutory provisions at the time of his sentencing.

6. The Defendant has raised no new issues concerning his continued attempts to have his conviction set aside on the basis of a writ of error coram nobis and/or writ of audita quarela. As this Court has previously stated, there are no new facts raised that have not been already argued on several occasions both before the District Court and the Eleventh Circuit Court of Appeals concerning his challenge to the District Court's jurisdiction. It is not necessary for this Court to rehash all of those facts and legal arguments once again. It is sufficient that the Defendant has had a proper review both by the District Court and the Eleventh Circuit Court of Appeals by way of direct appeal and appeals attempting to collaterally attack the underlying jurisdiction and the Defendant's conviction in this case. The case law is clear that the Defendant is not entitled to the relief requested.

7.      Finally, the Defendant once again seeks counsel to be appointed for him in this matter. He has no statutory right to such appointment of counsel as this Court has pointed out previously. These are not ancillary matters. There is no statutory or constitutional right to counsel in such proceedings as this and this Court will recommend the Defendant's request be denied again. United States v. Webb, 565 F.3d 789 (11th Cir. 2009).

8.      As the government's response sets forth in great detail, the Defendant has had more than one occasion to make this same argument and attack the underlying jurisdiction of the District Court and his conviction in this case, both by way of direct appeal, post judgment motions, and at least two § 2255 petitions in Case Nos. 05-14334-CR-MOORE and 09-14066-CR-MOORE. These collateral attacks which the Defendant attempts to make are not based upon information that only recently has come into his possession nor evidence or facts which he was not aware of previously. All of this has been argued to exhaustion in other pleadings both before this Court and the Eleventh Circuit Court of Appeals.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Renewed Application For Assignment of Counsel [D.E. #189], Defendant's Motion To Resubmit D.E. 153 For Adjudication As A Writ of Error Coram Nobis [D.E. #191], and the Defendant's Amended D.E. 153 Motion For Writ of Error Coram Nobis Or Writ of Audita Quarela [D.E. #190] be **DENIED.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of February, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Corey Steinberg

Edgar Searcy, pro se
Reg. No. 04726-031
FCI Oakdale
P.O. Box 5000
Oakdale, LA 71463