UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-14028-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR SEARCY,

    Defendant.
_____/

FILED by _____ D.C.

MAR 27 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR WRIT OF HABEAS CORPUS [D.E. #233]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion as well as the response in respect thereto, and this Court having reviewed the court file and transcript of the change of plea hearing involving the Defendant in the underlying criminal case as well as the Plea Agreement [D.E. #45], this Court recommends to the District Court as follows:

    1.    The Defendant's most recent motion now alleges on page 3 that his plea was not voluntary due to the lack of due process by the court in failing to fully inform the Defendant of the possible maximum penalties he was facing.

    2.    The government's response attaches a copy of the transcript of the change of plea hearing held before Judge Moore in September of 2003. The government's response further recites the various motions for writ of habeas corpus, writs of coram nobis, and other assorted motions in which the Defendant has either directly appealed the judgment and sentence of this Court or attempted to collaterally attach the judgment and sentence of the Court.

3. This Court would point out that this motion attempts to file a successive Petition for Writ of Habeas Corpus which is not permitted under the facts and circumstances set forth in this case. The Defendant has raised no new issues which could have been raised in any of his earlier motions regarding his claims for habeas corpus, coram nobis, direct appeal, or other collateral attack on the judgment and sentence of the District Court.

4. The Defendant's Plea Agreement in this case is filed as [D.E. #45]. Paragraph 1 of that Plea Agreement, which was signed by the Defendant and his counsel, specifically describes and recites the charge in the Indictment to which the Defendant was pleading guilty. That charge being a violation of Title 18, United States Code, Section 2422(b).

5. Paragraph 4 of the Defendant's Plea Agreement states as follows:

> The defendant understands and agrees that the court may impose any sentence authorized by law and that the defendant may not withdraw his plea solely as a result of the sentence imposed. The defendant also understands and agrees that the court may impose a statutory maximum term of imprisonment of up to fifteen (15) years, followed by a term of supervised release of not more than three years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.

6. The transcript of the Defendant's change of plea specifically reflects the following:

> Q. Are you fully satisfied with counsel representation and advice given to you in this case by your attorney?
>
> A. Yes.
>
> Q. Have you had an opportunity to discuss the plea agreement with your lawyer before you signed it?
>
> A. Yes.
>
> Q. Does the plea agreement represent in its entirety any understanding you have with the government?

2

> A. Yes.
>
> Q. Do you understand the terms of the plea agreement?
>
> A. Yes.
>
> Q. Has anyone made any other or different promises or assurances to you of any kind in an effort to induce you to plead guilty?
>
> A. No.
>
> Q. Do you understand the terms of the plea agreement are really recommendations and I can reject the recommendation and impose a sentence that is more severe than you anticipate?
>
> A. Yes, sir.
>
> Q. Has anyone attempted in any way to coerce you to plead guilty in this case?
>
> A. No.
>
> Q. Do you plead guilty of your own free will because you are in fact guilty?
>
> A. Yes.
>
> Q. If your plea is accepted, you will be adjudged guilty and such adjudication may deprive you of valuable civil rights, such as the right to vote and the right to possess any kind of firearm?
>
> A. Yes.
>
> Q. According to the plea agreement, you understand the maximum possible penalties that could be imposed in your case consist of a term of imprisonment of up to 15 years followed by three years supervised release, $250,000 fine and $100 special assessment?
>
> A. Yes, sir.

7. The Defendant was sentenced by the District Court to a period of 180 months which was the maximum of 15 years which the Defendant acknowledged he understood at

his change of plea hearing and which he acknowledged by signing his written Plea Agreement.

8. Based upon the foregoing, the Defendant has not made a substantial showing of any kind that he was not fully informed of the possible penalties he was facing based upon his plea of guilty in this case. Therefore, this Court will recommend that the Defendant's motion be denied.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's Motion For Writ Of Habeas Corpus [D.E. #233] be **DENIED.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 27th day of March, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Corey Steinberg

Edgar Searcy, pro se
Reg. No. 04726-031
FCI Oakdale
P.O. Box 5000
Oakdale, LA 71463